UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No.   8:03-cr-512-T-23TBM
                                                                             8:08-cv-763-T-23TBM

JAMES B. MORTON

_____/

**O R D E R**

Morton's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for possessing a firearm and ammunition by a felon, for which offense he was sentenced to 188 months.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Morton's claims lack merit.

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Morton pleaded guilty pursuant to a plea agreement, in which document Morton admitted the following facts:

> On September 7, 2006, Officer Sweat, Haines City Police Department, saw a lime green older model Chevy 4-door vehicle traveling at a high rate of speed run a red light at Highway 17-92 and Hinson Avenue in Haines City, Florida, Middle District of Florida.  As the officer caught up to the vehicle he saw more traffic infractions.  Officer Sweat then proceeded to try and stop the vehicle.  He videotaped the chase that ensued.  It was later determined that the defendant was the driver and sole occupant of the vehicle.  The vehicle ran numerous stop signs and traffic lights.  The defendant drove into a person's yard and then drove around the yard and back into the road.  At one point an object is thrown from the vehicle.  Officer Sweat yells on the videotape, "He just threw a gun, it is on the road, get it."  Another Haines City Police Officer stops his vehicle and recovers a Hi Point .40 caliber pistol loaded with Winchester .40 S&W ammunition.  Finally the vehicle hits another unoccupied vehicle parked off the road.  It still keeps on going until it stops in the front yard driveway area of 2208 N. 13th Street, Haines City.  The defendant was taken from the vehicle and placed under arrest.
>
> On January 8, 2007, the defendant was advised of his Miranda rights by Special Agent Jeff Burt, Bureau of Alcohol, Tobacco, Firearms and Explosives.  The defendant stated that [he] was in a high speed pursuit and threw the gun out of the window.  The defendant stated he was running because he had the gun in his vehicle.
>
> The Hi Point .40 caliber pistol and Winchester .40 S&W ammunition were not manufactured in Florida and therefore traveled in interstate commerce.

Plea Agreement at 15-16 (Doc. 22).  Morton also orally agreed with this recitation of facts during the plea colloquy.  Transcript of Plea Hearing at 36 (Doc. 28).  Morton admitted in the plea agreement that he faced a mandatory minimum sentence of fifteen years and a possible maximum sentence of life imprisonment.  Morton acknowledged during the plea colloquy that he was facing a sentence of at least fifteen years.

Transcript of Plea Hearing at 39 (Doc. 28).  Morton's sentencing range was calculated as 188-235 months; Morton received a low-end sentence.

Morton waived his right to appeal or otherwise challenge his sentence.

> The defendant . . . expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or c) the ground that the sentence violates the Eighth Amendment to the Constitution. . . .

Plea Agreement ¶ 5 at 12 (Doc. 22) (emphasis original).  Nevertheless, Morton appealed and challenged the calculation of his sentence.  The circuit court dismissed the appeal based on the appeal waiver:  "Because Appellant knowingly and voluntarily waived the right to appeal his sentence on the grounds raised in his brief, this appeal is subject to dismissal in its entirety pursuant to the waiver."  Order at 3 (Doc. 44).

The motion to vacate presents seven grounds for relief.  The first six grounds directly challenge the calculation of sentence, challenges precluded by the appeal waiver.  The last ground claims that trial counsel was ineffective during the sentencing hearing.[2]  A valid appeal waiver precludes an ineffective assistance of counsel challenge to the sentence.  <u>Williams v. United States</u>, 396 F.3d 1340, 1342 (11th Cir.) ("[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a

---

[2] Morton asserts no challenge to counsel's effectiveness in negotiating the plea.  A claim challenging the validity of the guilty plea or the appeal waiver, and not the sentence, is not precluded by a sentence-appeal waiver.  <u>Cowart v. United States</u>, 139 Fed. Appx. 206, 207-08 (11th Cir. 2005).

plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."), cert. denied 546 U.S. 902 (2005).  Morton cannot circumvent the appeal waiver provision by disguising his challenge as a claim of ineffective assistance of counsel.  "A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless."  Williams v. United States, 396 F.3d at 1342

The Magistrate Judge specifically addressed the appeal waiver provision during the entry of the guilty plea.

> THE COURT:  If you go to page 12, paragraph 5, there is another important provision. . . .  This is a waiver of appeal provision.  It's inserted by the government to restrict your rights to an appeal. . . .  The effect of this is that on your sentencing day if the judge calculates your guidelines at a particular level and then sentences you within that range, then you're going to be stuck with that sentence, meaning you're not going to be able to appeal it.  Even if it is worse than you anticipated, as long as it's lawful and constitutional.  Mr. Morton, do you understand the waiver there?
>
> DEFENDANT MORTON:  Yes, sir, Your Honor.

Transcript of Plea Hearing at 30-31 (Doc. 28).  The colloquy ensured that Morton understood the significance of the appeal waiver, a provision that the circuit court enforced on direct appeal and that precludes this collateral challenge.  See Williams v. United States, 396 F.3d at 1342 ("[A]t the plea colloquy, the court specifically questioned Williams concerning the specifics of the sentence-appeal waiver and determined that he had entered into the written plea agreement, which included the

appeal waiver, knowingly and voluntarily.  The plain language of the agreement informed Williams that he was waiving a collateral attack on his sentence.  Under these circumstances, the sentence-appeal waiver precludes a § 2255 claims [sic] based on ineffective assistance at sentencing.")

Accordingly, Morton's motion to vacate sentence (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Morton and close this action.

ORDERED in Tampa, Florida, on April 30, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE